DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant State of Ohio (the "State") has appealed from the decision of the Lorain County Court of Common Pleas that granted Defendant-Appellee John M. Skorvanek's motion to dismiss. This Court reverses.
 I {¶ 2} On June 2, 2004, Defendant-Appellee was indicted on one count of trafficking in heroin, in violation of R.C. 2925.03(A), a felony of the fourth degree.[1] This indictment arose from the arrest of Appellee on April 1, 2004, and concerned the controlled purchase of heroin from Appellee by the Lorain Police Department ("LPD") on or about March 10, 2004. Defendant-Appellee entered a plea of not guilty and waived his right to a speedy trial.
 {¶ 3} On March 25, 2005, Appellee was indicted on two counts of trafficking in heroin, in violation of R.C. 2925.03(A), felonies of the third and fourth degree, respectively; one count of possession of criminal tools, in violation of R.C. 2923.24(A), a felony in the fifth degree; two counts of permitting drug abuse, in violation of R.C. 2925.13(A), felonies of the fifth degree and a misdemeanor of the first degree, respectively; one count of possession of drug abuse instruments, in violation of R.C. 2925.12(A), a misdemeanor of the second degree; one count of possession of drug paraphernalia, in violation of R.C.2925.14(C), a misdemeanor of the fourth degree; one count of possession of drugs, in violation of R.C. 2925.11(A), a felony of the fifth degree; and one count of possession of heroin, in violation of R.C. 2925.11(A), a felony of the fifth degree.[2] This indictment arose from an attempted controlled purchase on March 13, 2004, a second effectuated controlled purchase of heroin on or about March 23, 2004, and evidence seized from searches executed on April 1, 2004. Appellee was arrested in this matter and posted bond on March 30, 2005. On April 7, 2005, Appellee filed a motion to dismiss on the ground that his statutory right to a speedy trial for case number 05CR067480 had been violated.
 {¶ 4} On June 15, 2005, the trial court, having found that Appellee was arrested on April 1, 2004 and was indicted 357 days later on March 25, 2005, concluded that Appellee had not been brought to trial within the statutory period set forth in R.C.2945.71(C)(2). Accordingly, the trial court granted Appellee's motion to dismiss on statutory speedy trial grounds.
 {¶ 5} The State has timely appealed this decision, asserting one assignment of error.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S MOTION TO DISMISS."
 {¶ 6} In its first assignment of error, the State has argued that trial court erred when it granted Appellee's motion to dismiss on statutory speedy trial grounds. Specifically, the State has argued that a subsequent indictment is not subject to the speedy trial timetable of the initial indictment when additional criminal charges arise from facts different from the original charges, or when the State did not know of the facts at the time of the initial indictment. We agree.
 {¶ 7} This court reviews a trial court's decision to grant a motion to dismiss de novo. Indiana Ins. Co. v. Forsmark,160 Ohio App.3d 277, 2005-Ohio-1635, at ¶ 9. Under the de novo standard of review, we give no deference to the trial court's legal conclusions. Id.
 {¶ 8} R.C. 2945.71(C)(2) mandates that a person charged with a felony be brought to trial within 270 days after the person's arrest. R.C. 2945.71(D) provides that a person who has multiple charges pending of varying degrees, be they felonies, misdemeanors or a combination of both, all of which arose from the same transaction and occurrence, must be brought to trial on all of the charges within the time period required for the highest degree of offense charged. The State has argued that the trial court erred when it found that the indictment in case number 05CR067480 violated Appellee's statutory speedy trial rights in that Appellee was not indicted until 357 days after his arrest. We agree.
 {¶ 9} The Ohio State Supreme Court has carved out an exception to the speedy trial timetable with regards to subsequent indictments. In State v. Baker, the Court held that:
"When additional criminal charges arise from facts distinct from those supporting an original charge, or the state was unaware of such facts at that time, the state is not required to bring the accused to trial within the same statutory period as the original charge under R.C. 2945.71 et seq." (Emphasis added). State v. Baker (1997), 78 Ohio St.3d 108, 112. See, e.g., State v. Overholt, 9th Dist. No. 03CA0119-M, 2004-Ohio-4969, at ¶ 11.
 {¶ 10} This Court has recognized the significance of the Supreme Court's use of the disjunctive "or" in Baker. SeeState v. Haggard (Oct. 6, 1999), 9th Dist. No. 98CA007154, at 8. Additionally, our cases indicate that the disjunctive nature of Baker's rule creates two separate exceptions to the speedy trial timetable, either of which may be employed by the state. See Haggard at 8; State v. Armstrong, 9th Dist. No. 03CA0064-M, 2004-Ohio-726, at ¶¶ 7-9.
 {¶ 11} In Haggard, Robert McFadden, Charles Butterfield, and defendant Terrence Haggard where involved in a brawl outside of a North Ridgeville restaurant. McFadden immediately pressed assault charges against Haggard, who did not contest the charge.Haggard at 2. Subsequently, Butterfield swore out a complaint of assault to which Haggard pled not guilty. We held that while the second prosecution would not be covered under Baker's
"second exception," the "first speedy trial exception permitted by Baker" was applicable. Id. at 8. Specifically, we held that because the prosecution admittedly knew the facts concerning the Butterfield assault at the time it filed the McFadden assault charge, the second Baker exception did not apply. However, we noted that it could not be said that the facts as to the Butterfield assault were the same as the facts relating to the McFadden assault. Therefore, we concluded that the speedy trial clock for the second charge started upon the service of the second charge. In Haggard, we clearly advocated the Baker
rule as comprising two separate exceptions.
 {¶ 12} In Armstrong, the defendant was arrested for possession of drug paraphernalia and criminal trespassing. At the time of his arrest, the police found white powder on his person which was sent to the Bureau of Criminal Investigation ("BCI") to be analyzed. In the interim, Armstrong pled no contest to the possession of drug paraphernalia and the criminal trespassing charge was dropped. Thereafter, the State received BCI's report, indicted Armstrong and arrested him. We utilized the secondBaker exception to hold that "[t]he State is not required to bring additional charges within the time period of the original indictment if the State did not have knowledge of the additional charges until performing investigations of later-seized evidence." Armstrong at ¶ 7. This was so even though both charges stemmed from the same arrest and arguably the same set of operative facts. In Armstrong, we clearly treated the Baker
rule as having two distinct elements.
 {¶ 13} In the present case, Appellee has argued that his motion to dismiss was properly granted because all of the facts which gave rise to the offenses in the indictments were gathered under the umbrella of a single investigation and were known to the State on May 18, 2004, approximately two weeks prior to the first indictment on June 2, 2004. Conversely, the State has argued that Haggard explained that "facts different from the original charges" involve separate offenses and animus and that in this case, such separate offenses exist. See Haggard at 8, quoting Baker, 78 Ohio St.3d at the syllabus. We agree with the State.
 {¶ 14} In Haggard, this Court illustrated that "facts different from the original charges" could include separate victims, separate offenses, or a separate animus as to the offense. See Haggard at 7-8. In the case sub judice, despite Appellee's efforts to prove the contrary, separate facts and offenses gave rise to the second indictment on March 25, 2005. Although both indictments stem from the same investigation, the offenses Appellee is charged with are the direct result of different events on different dates.
 {¶ 15} The record[3] reflects that the single count of trafficking in heroin set forth in case number 04CR065344 arose from a controlled drug buy on March 10, 2004. The first count in case number 05CR067480 arose from an attempted drug buy on March 13, 2004. Count two of the indictment in case number 05CR067480 stemmed from yet another controlled purchase of heroin from defendant on March 23, 2004. Finally, counts three through nine arose from valid searches conducted on April 1, 2004. It is apparent that while the investigation of Appellee may have been ongoing, the offenses with which he is charged were separate and distinct from one another. This conclusion is strongly evidenced in the record where counsel for Appellee admitted in open court that the charges did not arise from the same facts and circumstances and that separate incidences were involved.[4]
 {¶ 16} We agree with the State that Appellee was charged with different offenses, on different dates stemming from different events. Therefore, given our decision in Haggard, we find that the first exception to the speedy trial statute is established in the present matter.
 {¶ 17} Assuming arguendo that both indictments arose from the same facts, this Court finds that the second Baker exception would also apply in the case sub judice. The second Baker
exception simply states that where the "state was unaware of such facts at that time, the state is not required to bring the accused to trial within the same statutory period as the original charge[.]" Baker at 112. Put another way "in issuing a subsequent indictment, the state is not subject to the speedy-trial timetable of the initial indictment, when * * * the state did not know of these facts at the time of the initial indictment." Id. at 110.
 {¶ 18} Appellee has argued that "all of the facts which give rise to the offenses charged in the indictment were gathered in the investigation * * * and were known to appellant two weeks prior to [Appellee's] first indictment in case no. 04CR065344." This statement is not entirely accurate. The record indicates that the LPD was in possession of all facts relevant to both indictments on May 18, 2004. The Lorain County Prosecutor, however, did not come into possession of said facts until July 12, 2004; over one month after the initial indictment was handed down on June 2, 2004.
 {¶ 19} The police do not prosecute criminal cases; they enforce the laws of our state. The office of the prosecutor is responsible for the filing of charges, preparing court documents, and bringing the alleged criminal to trial. Therefore, it flies in the face of logic to presume that the Lorain County Prosecutor, on behalf of the State of Ohio, could indict Appellant on June 2, 2004 for the offenses stemming from the March 13, March 23, and April 1, 2004 incidents when they did not have all of the facts relating to those offenses until July 12, 2004.
 {¶ 20} Based on the foregoing, we conclude that the speedy trial period regarding the offenses included in the indictment for case number 05CR067480 did not begin to run on April 1, 2004, but rather upon Appellee's second arrest on March 29, 2005.
 {¶ 21} Having determined the commencement of the speedy trial period, we must next determine whether the State has violated Appellee's speedy trial rights with regard to the second indictment concerning case number 05CR067480.[5] We will begin by reviewing the applicable statutory authority.
 {¶ 22} R.C. 2945.71 dictates the time limits within which a defendant must be brought to trial. Pursuant to R.C. 2945.73, if a defendant is not brought to trial within the prescribed time period, the trial court must discharge the defendant upon a motion for dismissal prior to or at the commencement of trial. R.C. 2945.73(B). But, the time within which a defendant must be brought to trial can be tolled. R.C. 2945.72. The time may be tolled for "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused [.]" R.C. 2945.72(E). See, e.g., Statev. Downing, 9th Dist. No. 22012, 2004-Ohio-5952, at ¶ 38.
 {¶ 23} Pursuant to the indictment in case number 05C067480, Appellee was charged with offenses ranging from a fourth degree misdemeanor to a third degree felony. When a defendant is charged with one or more offenses of varying degrees, the applicable speedy trial timetable is that which is required for the highest degree of offense charged. R.C. 2945.71(D). In the instant matter, the highest degree of offense with which Appellee was charged is a third degree felony. Therefore, he is entitled to be tried within 270 days after his arrest. R.C. 2945.71(C)(2). However, Appellee filed a motion to dismiss on April 7, 2005. Pursuant to R.C. 2945.72(E), this filing tolled the speedy trial timetable. The timetable remained tolled under R.C. 2945.72(E) until the trial court granted Appellee's motion to dismiss on June 15, 2005. See State v. Bickerstaff (1984),10 Ohio St.3d 62, 67 (finding that a motion to dismiss tolls the time in which a defendant must be brought to trial).
 {¶ 24} Appellee was arrested on March 29, 2004 and posted bond on March 30, 2004. R.C. 2945.71(E) directs that "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." However, "[w]hen computing the time within which a defendant must be brought to trial under R.C. 2945.71, the day of arrest or service of summons is not included." Kolvek at ¶ 5, citing State v. Steiner
(1991), 71 Ohio App.3d 249, 250-251. Accordingly, because Appellee's speedy trial timetable effectively began running on March 30, 2005, and he posted bond on that same date, the triple count provision of R.C. 2945.71(E) is inapplicable.
 {¶ 25} Next, we must calculate the period between Appellee posting bond and his filing the motion to dismiss. Appellee posted bond on March 30, 2005 and filed his motion to dismiss on April 7, 2005, a total of eight days. This eight day period reduced Appellee's speedy trial timetable to 262 days. As discussed supra, Appellee's filing of the motion to dismiss tolled the speedy trial timetable until its resolution by the trial court on June 15, 2005. Because the trial court granted Appellee's motion to dismiss, he was no longer awaiting pending charges, and thus the speedy trial timetable has remained tolled during the subsequent period of appellate review.[6] R.C.2945.72(I). Therefore, we conclude that the State has 262 days remaining with which to bring Appellee to trial for the charges levied against him in case number 05CR067480.
 {¶ 26} Based on the foregoing, the State's sole assignment of error is sustained.
 III {¶ 27} The State's sole assignment of error is sustained. The judgment of the trial court is reversed and cause remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Moore, J. Concurs.
Carr, J. Concurs in judgment only.
[1] Case Number 04CR065344.
[2] Case number 05CR067480.
[3] See Stipulated Recitation of Underlying Facts.
[4] At the May 25, 2005 hearing on the motion to dismiss case number 05CR067480, counsel for Appellee stated that "all of these charges arise from the same investigation, but they do not arise from the same facts and circumstances." Additionally, Appellee's counsel conceded that "the issue in the case was not whether these were separate incidences, because apparently they were."
[5] As discussed in section I, Appellee waived his speedy trial rights with regard to the first indictment in case number 04CR065344.
[6] The State filed a Notice of Appeal on June 22, 2005, which has been under appellate review since.