OPINION *Page 2 
{¶ 1} Defendant-Appellant, Dino Brown, appeals the decision of the Stark County Court of Common Pleas that denied his motion to dismiss finding there was no violation of the speedy trial provisions in R.C. 2945.71.
 {¶ 2} Appellant and the State stipulated to the following facts and the trial court accepted those facts into the record at the March 23, 2007 Final Pre-trial Hearing:
 {¶ 3} "Dino Brown, herein defendant, was arrested on September 10th, 2005 for Receiving Stolen Property a misdemeanor of the first degree (ORC 2913.51) and Burglary (ORC 2911.12). Bond was set at $50,000.00 cash or surety. The defendant did not post bond and was held at the Stark County Jail pending an indictment.
 {¶ 4} "On October 25th, 2005, the Stark County Grand Jury returned an indictment only on the Receiving Stolen Property a misdemeanor of the first degree, and the matter was remanded back to Canton Municipal Court.
 {¶ 5} "On October 28th, 2005, bond was reset at $1,500.00, which was paid on this date and the defendant was released.
 {¶ 6} "On October 31st, 2005, the defendant entered a `no contest' plea to the charge of receiving stolen property, the Court found the defendant guilty, and sentenced the defendant to one-hundred and eighty (180) days at the Stark County Jail, suspending all but forty-nine (49) days. Defendant was given credit for forty-nine (49) days and released.
 {¶ 7} "Between September 9th, 2005 and October 6th, 2005, the victim of the burglary made several attempts to contact the Canton Police department regarding a bloody fingerprint which was found in her bedroom. *Page 3 
 {¶ 8} "On October 6th, 2005, Detective Kevin Clary of the Canton Police Department was made aware that the victim in the aforementioned Burglary, was attempting to contact the Canton Police regarding a bloody fingerprint which was found inside her home after the Burglary. Officer Clary went to the victim's residence, took photos of the bloody print, and swabbed it for purposes of DNA analysis.
 {¶ 9} "The following day, October 7th, 2005, Detective Clary turned the DNA swabs over the Stark County Crime Lab.
 {¶ 10} "On November 4th, 2005, Jon Baumoel requested that the crime lab go forward with processing the DNA sample collected from the victim's residence.
 {¶ 11} "On November 16th, 2005, Michelle Foster of the Stark County Crime Lab, signed a report stating that the swab collected by detective Clary did contain blood, and a DNA profile was obtained from the blood. The profile was entered into CODIS. Michelle Foster states in her report that a comparison will be performed upon the submission of a DNA standard from a suspect.
 {¶ 12} "On March 21st, 2006, the DNA profile of the blood recovered from the victim's home, matched a profile of a sample in the State database listed as belonging to Dino Brown. Michelle Foster states in her report that a comparison will be performed upon the submission of a DNA standard from a suspect.
 {¶ 13} "On November 29th, 2006, the Burglary charge, was resubmitted to the Stark County Jury.
 {¶ 14} "This time however, the Grand Jury returned an indictment for Burglary, felony of the 3rd degree (ORC 2911.12). A warrant on the indictment was issued. On *Page 4 
February 4th, 2007, the defendant was picked up on the warrant." Transcript of Hearing March 23, 2007, at 4-6.
 {¶ 15} Thereafter, the trial court overruled Appellant's motion to dismiss based upon an alleged violation of R.C. 2945.71(C)(2), which requires that, absent a valid time waiver, a person accused of a felony must be brought to trial within 270 days of their arrest.
 {¶ 16} On April 9, 2007, appellant withdrew his guilty plea and entered a plea of no contest to one count of burglary, in violation of R.C. 2911.12(A)(3), a felony of the third degree. The trial court found appellant guilty and sentenced him to three years in prison.
 {¶ 17} The trial court stayed Appellant's sentence pending appeal.
 {¶ 18} Appellant raises one Assignment of Error:
 {¶ 19} "I. THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S MOTION TO DISMISS BASED ON THE STATE'S FAILURE TO BRING APPELLANT TO TRIAL WITHIN THE STATUTORY TIME PERIOD REQUIRED IN R.C. 2945.71."
 I. {¶ 20} Appellant contends the trial court erred in overruling his motion to dismiss pursuant to R.C. 2945.71. Specifically, Appellant argues the speedy trial time for the burglary indictment began to run upon his arrest on the burglary and receiving stolen property charges on September 10, 2005.
 {¶ 21} We review a trial court's decision on a motion to dismiss pursuant to a de novo standard of review. State v. Merritt, Richland App. No. 06 CA 10, 2007-Ohio-480. *Page 5 
 {¶ 22} "The right to a speedy trial is guaranteed by theSixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. The individual states are obligated under theFourteenth Amendment to afford a person accused of a crime such a right.Klopfer v. North Carolina (1967), 386 U.S. 213, 222-223, 87 S.Ct. 988,993, 18 L.Ed.2d 1, 7-8. However, the states are free to prescribe a reasonable period of time to conform to constitutional requirements.Barker v. Wingo (1972), 407 U.S. 514, 523, 92 S.Ct. 2182, 2188,33 L.Ed.2d 101, 113. In response to this constitutional mandate, Ohio has enacted R.C. 2945.71 to 2945.73, which designate specific time requirements for the state to bring an accused to trial. Specifically, under R.C. 2945.71(C)(2), a person against whom a charge of felony is pending must be brought to trial within 270 days after his arrest."State v. Baker, 78 Ohio St.3d 108, 676 N.E.2d 883, 1997-Ohio-229.
 {¶ 23} In Baker, the Ohio Supreme Court held: "[i]n issuing a subsequent indictment, the state is not subject to the speedy-trial timetable of the initial indictment, when additional criminal charges arise from facts different from the original charges, or the state did not know of these facts at the time of the initial indictment".Baker at syllabus. The Ninth District Court of Appeals has described the disjunctive nature of the "or" in Baker as creating two distinct exceptions to the speedy trial timetable. State v. Skorvanek, 9th App. No. 05CA008743, 2006-Ohio-69; State v. Armstrong, 9th App. No. 03CA0064-M, 2004-Ohio-726; State v. Haggard (Oct. 6, 1999), 9th App. No. 98CA007154. The first exception is that there are different facts supporting a new charge. Id. The second exception, and the one relevant to our analysis in the present *Page 6 
case, is that there were additional facts that the State was unaware of at the time of the original charge. Id.
 {¶ 24} We find Baker to be controlling in this case. Appellant was arrested with burglary and receiving stolen property shortly after the crime occurred, but the grand jury subsequently did not indict on the burglary charge. After the crime occurred, the victim attempted to contact the police numerous times with new evidence, namely, a bloody fingerprint. Tr. at 5. There was a delay in police response, but the police responded and collected the evidence on October 6, 2005. Id. The next day the evidence was delivered to the Stark County Crime Lab. Id. On November 16, 2005, the crime lab confirmed the evidence was blood and that the DNA profile was submitted to CODIS. Id. Further, the lab noted that a DNA standard was needed from the suspect. See, DNA Typing Report dated November 16, 2005. On March 21, 2006, the CODIS search revealed the blood matched a profile in the system belonging to Dino Brown. See, Crime Lab report dated March 21, 2006. This report also noted that a DNA standard was needed from Appellant to confirm the match. Id.
 {¶ 25} Pursuant to this record, we find the second indictment on the burglary charge was based on evidence that was not available at the time of the original charge. Appellant argues that the evidence should have been collected on the night the crime occurred. We are not persuaded by this argument because even if the bloody fingerprint had been collected, the results would not have been available at the time of the first indictment. The record shows there was not a CODIS match with Appellant until almost five months after the original arrest. This evidence definitively placed the Appellant at the victim's residence. The State did not have this evidence at the time of *Page 7 
Appellant's arrest on September 10, 2005 and subsequent indictment on October 25, 2005.
 {¶ 26} Since the second indictment stems from additional facts obtained by performing investigation on later-seized evidence (ie. the CODIS "hit"), the State was not subject to the speedy-trial timetable of the original charges. Accordingly, the State may prosecute the burglary charge under a new 270-day period beginning from the time of Appellant's second arrest on the burglary charge. Accordingly, the trial court did not commit error in overruling Appellant's motion to dismiss. Appellant's sole assignment of error is overruled.
 {¶ 27} The judgment of the Stark County Court of Common Pleas is affirmed.
 By: Delaney, J. Hoffman, P.J. and Farmer, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 1