[Cite as *State v. Bales*, 2013-Ohio-4957.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 13CA5 |
| | : | |
| JASMINE S. BALES (AKA COSNER) | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Knox County Court of
Common Pleas, Case No. 12CR09-
0131


JUDGMENT:     REVERSED AND VACATED


DATE OF JUDGMENT ENTRY:     October 31, 2013


APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

JOHN C. THATCHER                   JOHN A. DANKOVICH
KNOX CO. PROSECUTOR            KNOX CO. PUBLIC DEFENDER
JOSEPH D. SAKS                        One Public Square
117 East High St., Suite 234          Mount Vernon, OH 43050
Mount Vernon, OH 43050

*Delaney, J.*

{¶1} Appellant Jasmine S. Bales (aka Cosner) appeals from the March 15, 2013 judgment entry of the Knox County Court of Common Pleas overruling her motion to dismiss her indictment upon one count of corrupting another with drugs. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} The facts of this case are not in dispute. Appellant is a heroin addict presently in recovery. On August 18, 2012, while still in the throes of her addiction, appellant gave birth to a son. The infant tested positive for narcotics and opiates and suffered respiratory distress at birth, in addition to other complications, necessitating his transfer to Nationwide Children's Hospital. He still suffers consequences of appellant's prenatal heroin use, including asthma and a suppressed immune system, and is not presently in his mother's custody.

{¶3} Appellant was charged by indictment with one count of corrupting another with drugs pursuant to R.C. 2925.02(A)(3), a felony of the second degree, and one count of child endangering pursuant to R.C. 2919.22(A), a felony of the third degree. Appellee later dismissed Count Two of the indictment. Appellant entered a plea of not guilty to Count One and the matter was scheduled for trial by jury.

{¶4} Appellant filed a Motion to Dismiss Count One, corrupting another with drugs, arguing an unborn child is not a legal person and a drug-addicted mother cannot be prosecuted for a violation of R.C. 2919.22 with respect to her unborn child pursuant to *State v. Gray*, 62 Ohio St.3d 514, 584 N.E.2d 710 (1986). The trial court held an oral

hearing and overruled appellant's Motion to Dismiss Count One by Judgment Entry on January 30, 2013.

{¶5} Appellant entered a plea to one amended count of attempted corrupting another with drugs in violation of R.C. 2923.02(A) and R.C. 2925.02(A)(3), a felony of the third degree. The trial court requested a presentence investigation. On March 15, 2013, appellant was sentenced to a term of 3 years of community control, including 120 days in the Knox County Jail,[1] successful completion of a community-based correctional facility program, and a six-month suspension of her operator's license. The trial court suspended the mandatory $5,000 fine.

{¶6} Appellant now appeals from the March 15, 2013 sentencing entry of the trial court.

## ASSIGNMENT OF ERROR

{¶7} "I. THE TRIAL COURT ERRED IN FAILING TO DISMISS PURSUANT TO STATE V. GRAY."

## ANALYSIS

{¶8} Appellant argues the trial court erred in declining to dismiss the indictment for one count of corrupting another with drugs. For the following reasons, we agree, and therefore we reverse the decision of the trial court and vacate appellant's conviction upon Count One of the indictment. We note the State opposed appellant's arguments in its brief but at oral argument conceded appellant's conviction upon one count of attempted corrupting another with drugs must be reversed.

---

[1] This jail term is concurrent with a jail term imposed in an unrelated case appellant was also sentenced upon, *State of Ohio v. Jasmine S. Bales*, Knox County Court of Common Pleas Case No. 12CR06-0068. Appellant entered pleas of no contest to two counts of possession of heroin in that case.

{¶9} A motion to dismiss in the criminal context tests the sufficiency of the charging document without regard to the quantity or quality of the evidence which may eventually be produced by appellee. *State v. Patterson*, 63 Ohio App.3d 91, 95, 577 N.E.2d 1165, 1167 (1989); *State v. Davis*, 5th Dist. Stark No.2004-CA-00202, 2005-Ohio-494, ¶ 36. A pre-trial motion to dismiss cannot reach the merits or substance of the allegations as there is no equivalent of the civil rules' summary judgment procedure in the criminal arena. *State v. Riley*, 12th Dist. Butler No. CA2001-04-095, 2001-Ohio-8618, 2002 WL 4484, *2. Therefore, pre-trial motions to dismiss "can only raise matters that are capable of determination without a trial on the general issue." Id. at 4; see, also, *Patterson,* supra, 63 Ohio App.3d at 95. We review a trial court's decision on a motion to dismiss pursuant to a de novo standard of review. *State v. Brown*, 5th Dist. Stark No.2007CA00129, 2008-Ohio-4087, ¶ 21, citing *State v. Merritt*, 5th Dist. Richland No. 06 CA 10, 2007-Ohio-480.

{¶10} Appellant was charged by indictment with one count of corrupting another with drugs in violation of R.C. 2925.02(A)(3) due to the acknowledged fact she gave birth to a drug-dependent infant whose condition was a result of her illegal drug use during pregnancy. She ultimately entered a plea of no contest to one count of attempted corrupting another with drugs pursuant to R.C. 2923.02(A) and R.C. 2925.02(A)(3). The latter states in pertinent part, "No person shall knowingly * * * [b]y any means, administer or furnish to another or induce or cause another to use a controlled substance, and thereby cause serious physical harm to the other person, or cause the other person to become drug dependent."

{¶11} The issue in this case originates with the definition of "another."  "Another" is not defined in the statute, or elsewhere in Chapter 2925.  We note another court which has weighed the same issue looked to the definition of "person" contained in R.C. 2901.01.  *State v. Clemons*, 4th Dist. Highland No. 12CA9, 2013-Ohio-3415, --N.E.2d--, ¶ 9.  R.C. 2901.01 (B)(1)(a) defines "person" in pertinent part:

> Subject to division (B)(2) of this section, as used in any section contained in Title XXIX of the Revised Code that sets forth a criminal offense, "person" includes all of the following:
>
> * * * *.
>
> (ii) An unborn human who is viable.
>
> * * * *.
>
> (c) As used in division (B)(1)(a) of this section:
>
> (i) "Unborn human" means an individual organism of the species Homo sapiens from fertilization until live birth.
>
> (ii) "Viable" means the stage of development of a human fetus at which there is a realistic possibility of maintaining and nourishing of a life outside the womb with or without temporary artificial life-sustaining support.
>
> (2) Notwithstanding division (B)(1)(a) of this section, in no case shall the portion of the definition of the term "person" that is set forth in division (B)(1)(a)(ii) of this section be applied or construed in any section contained in Title XXIX of

the Revised Code that sets forth a criminal offense in any of the following manners:

(a) Except as otherwise provided in division (B)(2)(a) of this section, in a manner so that the offense prohibits or is construed as prohibiting any pregnant woman or her physician from performing an abortion with the consent of the pregnant woman, with the consent of the pregnant woman implied by law in a medical emergency, or with the approval of one otherwise authorized by law to consent to medical treatment on behalf of the pregnant woman. An abortion that violates the conditions described in the immediately preceding sentence may be punished as a violation of section 2903.01, 2903.02, 2903.03, 2903.04, 2903.05, 2903.06, 2903.08, 2903.11, 2903.12, 2903.13, 2903.14, 2903.21, or 2903.22 of the Revised Code, as applicable. An abortion that does not violate the conditions described in the second immediately preceding sentence, but that does violate section 2919.12, division (B) of section 2919.13, or section 2919.151, 2919.17, or 2919.18 of the Revised Code, may be punished as a violation of section 2919.12, division (B) of section 2919.13, or section 2919.151, 2919.17, or 2919.18 of the Revised Code, as applicable. Consent is sufficient under this division if it is of

the type otherwise adequate to permit medical treatment to the pregnant woman, even if it does not comply with section 2919.12 of the Revised Code.

(b) In a manner so that the offense is applied or is construed as applying to a woman based on an act or omission of the woman that occurs while she is or was pregnant and that results in any of the following:

(i) Her delivery of a stillborn baby;

(ii) Her causing, in any other manner, the death in utero of a viable, unborn human that she is carrying;

(iii) Her causing the death of her child who is born alive but who dies from one or more injuries that are sustained while the child is a viable, unborn human;

(iv) Her causing her child who is born alive to sustain one or more injuries while the child is a viable, unborn human;

(v) Her causing, threatening to cause, or attempting to cause, in any other manner, an injury, illness, or other physiological impairment, regardless of its duration or gravity, or a mental illness or condition, regardless of its duration or gravity, to a viable, unborn human that she is carrying.

{¶12} In light of the above, we must arrive at the same conclusion as the Fourth District, to wit, appellant's unborn child was a "person;" and we must further concur with the Court's holding:

> [R.]C. 2901.01 contains exceptions or limits to the manner in which the word "person" can be "applied or construed" in a situation involving a pregnant woman and her viable, unborn child. Specifically, R.C. 2901.01(B)(2)(b)(i)-(v) essentially protects conduct by a woman during her pregnancy that might or does result in the injury, illness, impairment or death of her child, either before or after its birth. Thus, based upon a plain reading of the statute, a woman cannot be criminally prosecuted for her conduct during pregnancy that results in harm to her child." *Clemons*, supra, 2013-Ohio-3415 at ¶ 10.

{¶13} Appellant urges us to reverse the instant case on the basis of *State v. Gray*, in which the Ohio Supreme Court held a parent may not be prosecuted for child endangerment pursuant to R.C. 2919.22(A) due to substance abuse occurring before the birth of the child. *State v. Gray*, 62 Ohio St.3d 514, 516, 584 N.E.2d 710 (1992). *Gray* has only limited applicability to the instant case and the Court's urging of the Legislature to create a statute addressing prenatal child neglect has not yet come to pass. Until the Legislature addresses this issue, corrupting another with drugs is not the appropriate criminal offense for a mother under these circumstances.

{¶14} We conclude appellant may not be convicted pursuant to R.C. 2925.02(A)(3) for actions taken during pregnancy which affected her unborn child.

**CONCLUSION**

{¶15} The decision of the trial court is reversed and appellant's conviction is vacated.

By: Delaney, J. and

Hoffman, P.J.

Farmer, J., concur.

 

_____
HON. PATRICIA A. DELANEY

 

_____
HON. WILLIAM B. HOFFMAN

 

_____
HON. SHEILA G. FARMER