INDIANA INSURANCE COMPANY, Appellant and Cross–Appellee,

v.

FORSMARK et al., Appellees and Cross–Appellants.

[Cite as *Indiana Ins. Co. v. Forsmark*, 160 Ohio App.3d 277, 2005-Ohio-1635.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 04CA008520.

Decided April 6, 2005.

278

Shawn W. Maestle, for appellant and cross-appellee.

Stephen S. Vanek, for appellee and cross-appellant.

BATCHELDER, Judge.

{¶ 1} Appellant/cross-appellee, Indiana Insurance Company, appeals, and appellee/cross-appellant, Duane Forsmark, cross-appeals from the judgment of the Lorain County Court of Common Pleas that granted Forsmark's motion to dismiss the complaint but denied his motion for sanctions and costs. We affirm in part and reverse in part.

## I

{¶ 2} On April 13, 1995, Forsmark's wife, Anne, and two of the Forsmarks' children, Sarah and Jacob, were involved in an automobile accident that took their lives. Forsmark and their third child, Joshua, were not in the vehicle when the accident occurred.

{¶ 3} On February 6, 2003, Forsmark, individually and as the parent and natural guardian of Joshua, filed a complaint in the Cuyahoga County Court of Common Pleas against Indiana Insurance Company. In this complaint, Forsmark sought underinsured motorist benefits under the commercial automobile policy provided by Indiana Insurance Company to Forsmark's employer, the city of Westlake, pursuant to the Ohio Supreme Court's decision in *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116.[1]

---

1. Case No. 03CV493558. Forsmark also named General Accident Insurance Company as a defendant. However, General Accident Insurance was not a party to the declaratory action underlying this appeal.

{¶ 4} On September 10, 2003, the action was transferred to the Lorain County Court of Common Pleas.[2] Thereafter, the trial court sua sponte dismissed the case against Indiana Insurance Company without prejudice pursuant to the Supreme Court's decision in *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256.

{¶ 5} On February 23, 2004, Indiana Insurance Company filed a separate action in the Lorain County Common Pleas Court for a declaratory judgment that it owes no coverage to the Forsmarks pursuant to, inter alia, the *Galatis* decision. Thereafter, Forsmark moved to dismiss the case and sought sanctions and costs for the filing of the declaratory-judgment action.

{¶ 6} The trial court issued a decision that granted Forsmark's motion to dismiss, reasoning that pursuant to the decision in *Galatis*, "Duane Forsmark no longer has a viable cause of action against [Indiana Insurance Company]." However, the court denied Forsmark's motion for sanctions and costs, simply stating that it found the motion "to not be well-taken."

{¶ 7} Indiana Insurance Company timely appealed, asserting one assignment of error for review. Forsmark timely cross-appealed, asserting one cross-assignment of error for review.

## II

### A

#### Assignment of Error

The trial court erred in dismissing Indiana Insurance Company's declaratory judgment because a judicial controversy exists as to whether appellee is entitled to any coverage under Indiana's business auto policy issued to employer, the city of Westlake.

 {¶ 8} In its sole assignment of error, Indiana Insurance contends that the trial court erred when it granted Forsmark's motion to dismiss the declaratory-judgment action, asserting that a justiciable controversy in fact exists as to whether Forsmark is entitled to coverage under Westlake's insurance policy. We agree.

 {¶ 9} First, we note the appropriate standard of review. This court reviews a trial court's decision to grant a motion to dismiss de novo. *Hamrick v. Daimler–Chrysler Motors*, 9th Dist. No. 02CA008191, 2003-Ohio-3150, 2003 WL 21396676, at ¶ 5. Under this standard, an appellate court gives no deference to

---

2. Case No. 03CV136224.

the trial court's legal conclusions. See *Gahanna v. Cameron,* 10th Dist. No. 02AP–255, 2002-Ohio-6959, 2002 WL 31819661, at ¶ 43, citing *State v. Musick* (1997), 119 Ohio App.3d 361, 367, 695 N.E.2d 317.

{¶ 10} There exist two reasons for dismissing a complaint for declaratory judgment: (1) no real controversy or justiciable issue exists between the parties or (2) the declaratory judgment will not terminate the uncertainty or controversy, per R.C. 2721.07. *Bankers Standard Ins. v. Am. States Ins.* (Oct. 18, 1995), 9th Dist. No. 95CA0032, 1995 WL 608409, at * 2, citing *Fioresi v. State Farm Mut. Auto. Ins. Co.* (1985), 26 Ohio App.3d 203, 203–204, 26 OBR 424, 499 N.E.2d 5.

{¶ 11} Forsmark maintains that "there is no real and actual controversy in this case, because the law does not recognize the claim that existed when the original complaint against Indiana [Insurance Company] was filed by Mr. Forsmark." Forsmark argues that his right to refile the case "does not translate into a substantial controversy of sufficient immediacy necessitating a declaratory judgment, especially when the law is clear that no claim may be advanced." Additionally, Forsmark insists that Indiana's declaratory-judgment action seeks essentially an "advisory opinion" to hedge against the possibility of the refiling of the lawsuit by Forsmark in the event the law changes to once again allow claims pursuant to *Scott–Pontzer.*

{¶ 12} R.C. 2721.03 provides that "any person interested under a * * * written contract, or other writing constituting a contract * * * may have determined any question of construction or validity arising under the instrument, * * * and obtain declaration of rights, status, or other legal relations under it." R.C. 2721.04 is in accord with this provision, stating that "a contract may be construed by a declaratory judgment or decree either before or after a breach of the contract." A declaratory judgment may be affirmative or negative in effect. R.C. 2721.02(A).

{¶ 13} In this case, the underlying insurance-coverage action was dismissed without prejudice. However, a justiciable controversy exists even though the underlying action is not currently pending against the insurer. See *Allstate Ins. Co. v. Long,* 11th Dist. Nos. 2001–P–0038 and 2001–P–0039, 2003-Ohio-61, 2003 WL 102612, at ¶ 20, citing *Travelers Indemn. Co. v. Cochrane* (1951), 155 Ohio St. 305, 312, 44 O.O. 302, 98 N.E.2d 840. If a "lingering threat of future litigation" exists, i.e., the underlying claim was dismissed without prejudice and therefore there is a possibility that the claim may be refiled in the future, then a justiciable controversy remains. Id. at ¶ 21. Thus, a "lingering threat of future litigation" existed in this case, even though no action was currently pending against Indiana Insurance Company. See id.

{¶ 14} Based upon the foregoing, we find that the trial court erred when it granted Forsmark's motion to dismiss and dismissed Indiana Insurance Company's complaint for declaratory judgment. The Declaratory Judgments Act, R.C. 2721.01 et seq., is remedial in nature and is intended "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and is to be liberally construed and administered." *AT&T Technologies, Inc. v. Indus. Comm.* (Dec. 6, 1990), 10th Dist. No. 90AP–976, 1990 WL 197986, quoting *Swander Ditch Landowners' Assn. v. Joint Bd. Huron & Seneca Cty. Commrs.* (1990), 51 Ohio St.3d 131, 134, 554 N.E.2d 1324; see, also, R.C. 2711.13. As this court has stated in the past:

"[T]he General Assembly intended the declaratory judgment action to be available to 'any person interested' under a written contract of any nature for purposes of establishing rights and duties thereunder. Any limitation on the right of such persons, including corporations, to bring such an action frustrates this legislative intent." (Footnote omitted.) *Preferred Risk Ins. Co. v. Gill* (1987), 30 Ohio St.3d 108, 111 [30 OBR 424, 507 N.E.2d 1118]. The Ohio Supreme Court has not found a provision which narrows the broad right conferred by R.C. 2721.03. Id. We decline to restrict the liberal right granted in R.C. 2721.03 by upholding the trial court's dismissal of [the] complaint for declaratory judgment.

*Bankers Std. Ins. Co.*, at * 2.

{¶ 15} Accordingly, this assignment of error is sustained.

## B

### Cross–Assignment of Error

The trial court erred in case Number 04CV137718, by denying appellee/cross-appellant's motion for sanctions, costs and other relief when it dismissed Indiana Insurance Company's complaint.

{¶ 16} In his sole cross-assignment of error, Forsmark asserts that the trial court erred when it denied his motion for sanctions and costs. We disagree.

{¶ 17} R.C. Chapter 2721 specifically provides that a court is not permitted to award attorney's fees to a party to a declaratory-judgment claim unless authorized by R.C. 2323.51, by the Rules of Civil Procedure, or by an award of punitive damages. R.C. 2721.16(A)(1)(b). Forsmark filed his motion for sanctions and costs pursuant to R.C. 2323.51. An award of attorney's fees under R.C. 2323.51 is discretionary. *Shaffer v. Mease* (1991), 66 Ohio App.3d 400, 407, 584 N.E.2d 77. Thus, we review a trial court's denial of a R.C. 2323.51 motion for sanctions for an abuse of discretion. *Ceol v. Zion Indus., Inc.* (1992), 81 Ohio App.3d 286, 292, 610 N.E.2d 1076. An abuse of discretion is more than

an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748. When applying the abuse-of-discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.

{¶ 18} Forsmark contends that the filing of a declaratory-judgment action by Indiana Insurance Company to determine its rights and obligations under the insurance policy constituted frivolous conduct in that the complaint had no basis in existing law and could not be supported by a good-faith argument under existing law. "Frivolous conduct" includes that which "is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law." R.C. 2323.51(A)(2)(a)(ii). Forsmark argues that because no justiciable controversy exists, there was no right to a declaration on the policy. However, we have already determined to the contrary in our analysis of Indiana Insurance Company's sole assignment of error, supra. Indiana Insurance Company was clearly entitled to a declaration of its rights and obligations under the insurance policy, as the law is clear that declaratory judgments are to be liberally provided. See R.C. 2721.03 and 2721.04. Therefore, it is puzzling that Forsmark would maintain that Indiana Insurance Company was not entitled to a mere declaration of its obligations under the insurance policy pursuant to current law.

{¶ 19} Forsmark also maintains that Indiana Insurance Company filed the declaratory-judgment action solely to harass or maliciously injure him and his son. R.C. 2323.51(A)(2)(a)(i) does provide that "frivolous conduct" includes that which "obviously serves merely to harass or maliciously injure another party to the civil action." However, Indiana Insurance Company had a right to a declaration of its rights and obligations under the insurance policy, regardless of whether the underlying claim was pending at the time. Forsmark does not otherwise support his assertion of harassment and malice with any facts to demonstrate that Indiana Insurance Company exhibited such an ulterior motive in filing its declaratory-judgment action. See App.R. 16(A)(7); Loc.R. 7(A)(7).

{¶ 20} Based upon the foregoing, we find that the trial court did not abuse its discretion in denying Forsmark's motion for sanctions and costs. See *Pons*, 66 Ohio St.3d at 621, 614 N.E.2d 748. Forsmark's sole cross-assignment of error is overruled.

## III

{¶ 21} Indiana Insurance Company's sole assignment of error is sustained. Forsmark's sole cross-assignment of error is overruled. The judgment of the

Lorain County Court of Common Pleas is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this decision.

Judgment affirmed in part
and reversed in part,
and cause remanded.

SLABY, P.J., concurs.

CARR, J., concurs in part and dissents in part.

CARR, Judge, concurring in part and dissenting in part.

{¶ 22} I respectfully dissent. Although this issue is one of first impression in this district, it has been addressed by at least three of our fellow districts and numerous federal courts around the state. Each of these courts has held that, after *Galatis,* there is no justiciable matter before the court. In *Reinbolt v. Natl. Fire Ins. Co.,* 158 Ohio App.3d 453, 2004-Ohio-4845, 816 N.E.2d 1083, at ¶ 13–16, the Sixth Appellate District Court, quoting *Indiana Ins. Co. v. M.D.O. Homes Inc.* (Dec. 7, 2001), 11th Dist. No. 2000-L-167, 2001 WL 1561063, stated:

"Any person interested under a written contract, inter alia, may have the court determine any question of construction or validity arising under the contract and obtain a declaration of rights, status, or other legal relations under it. R.C. 2721.03. A declaratory judgment may be either affirmative or negative in form and effect. R.C. 2721.02(A); *McConnell v. Hunt Sports Enterprises* (1999), 132 Ohio App.3d 657 [725 N.E.2d 1193]. In order to maintain an action for declaratory judgment, a party must show that a real controversy exists between the parties, which is justiciable in character, and that speedy relief is necessary to the preservation of rights which may be otherwise impaired or lost. *Burger Brewing Co. v. Liquor Control Comm.* (1973), 34 Ohio St.2d 93, 97 [63 O.O.2d 149, 296 N.E.2d 261]. A trial court may dismiss a complaint for declaratory relief only if no real controversy or justiciable issue exists, or if the declaratory judgment will not terminate the uncertainty or controversy. *Fioresi v. State Farm Mut. Auto. Ins. Co.* (1985), 26 Ohio App.3d 203 [26 OBR 424, 499 N.E.2d 5], syllabus. Essentially, courts have the power to resolve present disputes and controversies, but do not have authority to issue advisory opinions to prevent future disputes.

"A real, justiciable controversy is a 'genuine dispute between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' *Wagner v. Cleveland* (1988), 62 Ohio App.3d 8, 13 [574 N.E.2d 533]. The controversy must be a real or actual controversy. See *Burger Brewing Co.,* supra. The resolution of that controversy must confer certain rights or status upon the litigants. *J.C. Penney Cas.*

*Ins. Co. v. Professionals Ins. Co. of Ohio* (1990), 67 Ohio App.3d 167, 172 [586 N.E.2d 222]. An action will not lie to obtain a judgment which is merely advisory in nature or which answers a moot or abstract question. *Cincinnati Metro. Hous. Auth. v. Cincinnati Dist. Council* (1969), 22 Ohio App.2d 39, 43 [51 O.O.2d 45, 257 N.E.2d 410]. A court will not indulge in advisory opinions. *Egan v. Natl. Distillers & Chem. Corp.* (1986), 25 Ohio St.3d 176 [25 OBR 243, 495 N.E.2d 904], syllabus.

"A trial court's ruling on a complaint for declaratory judgment is reviewed under an abuse of discretion standard. See *Bilyeu v. Motorists Mut. Ins. Co.* (1973), 36 Ohio St.2d 35 [65 O.O.2d 179, 303 N.E.2d 871], syllabus. However, that discretion is predicated on the plaintiff's failure to state a claim upon which declaratory relief may be granted. A trial court must declare the rights of the parties when the complaint states a viable claim for relief. *Peat Marwick Main & Co. v. Elliott* (Jan. 10, 1991), 10th Dist. No. 90AP–921 [1991 WL 2180].

"A trial court is not in a position to interpret a contract or define any rights arising from a contract in the absence of a specific present dispute. *Therapy Partners of Am., Inc. v. Richards Healthcare, Inc.* (Apr. 21, 1998), 10th Dist. No. 97APE09–1257 [1998 WL 195668]."

{¶ 23} The *Reinbolt* court went on to say:

In view of the applicable law, we must conclude that the trial court did not err in dismissing appellants' counterclaim without issuing a declaratory judgment. The Supreme Court of Ohio's decision in *Galatis* extinguished the Reinbolts' claims under all of the insurance contracts at issue. * * *

Appellants assert that because the Reinbolts could refile their claim in the future if *Galatis* is overturned, a lingering threat of future litigation still exists. Appellants cite *Allstate Ins. Co. v. Long,* 11th Dist. Nos. 2001–P–0038 and 2001–P–0039, 2003-Ohio-61 [2003 WL 102612], in support. In that case, the trial court dismissed an insurance company's declaratory judgment action as moot after the injured party voluntarily dismissed the underlying tort action against the insured pursuant to Civ.R. 41(A)(1)(a). The appellate court, citing the Supreme Court of Ohio's holding in *Travelers Indem. Co. v. Cochrane* (1951), 155 Ohio St. 305 [44 O.O. 302, 98 N.E.2d 840], held that a justiciable controversy still existed, even though there was no longer a pending action against the insured, because a lingering threat of future litigation still remained.

In our view, *Long* differs from the case before us. In *Long,* the underlying tort action was not extinguished by a superseding decision of the Supreme Court of Ohio. In the current case, *Galatis* determined that the Reinbolts do not have a cause of action for underinsured motorist coverage and will not have

such a claim in the future. Accordingly, no justiciable controversy remains regarding underinsured motorist coverage and the trial court did not err in dismissing appellants' complaint for declaratory judgment.

*Reinbolt* at ¶ 17–19. See, also, *Indiana Ins. Co. v. Fox,* 2d Dist. No. 20638, 2005-Ohio-1040, 2005 WL 567330.

{¶ 24} I would affirm on the issue of the dismissal of the declaratory judgment. On the issue of the cross-appeal, I would also affirm, as the issue is one of first impression in our district and I cannot say it is frivolous or was filed to harass or maliciously injure appellees.