OPINION
{¶ 1} Appellants, Mid-American Fire and Casualty Company and Midwestern Indemnity Company, appeal the judgment of the trial court dismissing their complaint for declaratory judgment for failure to allege an actual controversy upon which the court might rule.
 {¶ 2} On July 24, 2001, an unidentifiable driver allegedly caused appellee, William C. Heasley, Jr., to enter the median of State Route 20 and roll over. At the time of the accident, appellee maintained personal uninsured/underinsured motorist ("UM/UIM") coverage with Grange Mutual Insurance Company in the amount of $100,000. Appellee alleged he was employed by Slabe Machine Products ("Slabe") at the time of the accident. Appellants insured Slabe pursuant to a business auto policy number BA 9380073 and an umbrella policy number CU9380973.
 {¶ 3} On July 24, 2003, appellee filed suit against appellants in the Cuyahoga County Court of Common Pleas, Case No. 03-CV-506174, claiming he was entitled to UIM coverage under his employer's policies pursuant toScott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660. During the pendency of appellee's suit, the Supreme Court of Ohio released its decision in Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, limiting its holding in Scott-Pontzer "to apply only where an employee is within the course and scope of employment." Id. at 231. In light of Galatis, appellants moved the court to dismiss appellee's claim with prejudice. After several continuances, appellee voluntarily dismissed his claim without prejudice on March 5, 2004.
 {¶ 4} On April 15, 2004, appellants filed the instant declaratory action with the Lake County Court of Common Pleas. On May 3, 2004, appellee filed a motion to dismiss the declaratory action and moved the court for sanctions and costs. In his motion, appellee admitted he is not entitled to UIM coverage under appellants' policies pursuant to current Ohio law. On May 14, 2004, appellants filed their brief in opposition to each of appellee's motions.
 {¶ 5} On June 16, 2004, the trial court granted appellee's motion to dismiss appellants' complaint for declaratory judgment for lack of a justiciable controversy.[1] The trial court determined:
 {¶ 6} "In the present case, Heasley admits that he dismissed his prior action because he was not acting within the course and scope of his employment when the accident occurred and `[w]ith the decision in * * *Galatis, Defendant's right to present a claim under the policies no longer existed.' * * * Therefore, Mid-American and Midwestern are requesting this Court to issue an opinion just in case the law changes to once again permit Scott-Pontzer claims, and just in case Heasley chooses to refile his action. Accordingly, Mid-American and Midwestern are seeking an advisory opinion about the mere possibility of a future lawsuit. `A court will not indulge in advisory opinions.'" (Internal Citations omitted).
 {¶ 7} Appellants now appeal the trial court's dismissal of their declaratory action and assign one error for our consideration:
 {¶ 8} "The trial court erred in dismissing appellants' declaratory judgment because a judicial controversy exists as to whether appellee is entitled to any coverage under appellants' insurance policy issued to employer, Slabe Machine Products."
 {¶ 9} We review a trial court's decision to dismiss a declaratory judgment action for an abuse of discretion. Indiana Ins. Co. v. M.D.O.Homes Inc., 11th Dist. No. 2000-L-167, 2001-Ohio-8760, 2001 Ohio App. LEXIS 5434, at 6. However, the court's discretion is conditioned upon a plaintiff's failure to state a claim upon which declaratory relief may be granted; put differently, a trial court must make a declaration of the rights and obligations of the parties where the complaint sets forth a viable, justiciable claim for relief. Id.; see also, Allstate Ins. Co.v. Long, 11th Dist. Nos. 2001-P-0038 and 2001-P-0039, 2003-Ohio-61, at ¶ 17.
 {¶ 10} R.C. Chapter 2721, Ohio's Declaratory Judgment Act, provides for a special statutory proceeding in which a court is empowered to issue a declaratory judgment when presented with an actual controversy. A controversy, for purposes of a declaratory action, occurs "when there is a genuine dispute between parties having adverse legal interests of sufficient immediacy and reality to warrant an issuance of a declaratory judgment." Wagner v. Cleveland (1988), 62 Ohio App.3d 8, 13, citingBurger Brewing Co. v. Liquor Control Comm. (1973), 34 Ohio St.2d 93. Where no controversy exists, an opinion is merely advisory. Under such circumstances, the court has no justiciable issue on which it might rule and the action becomes moot. Wagner, supra.
 {¶ 11} Appellants argue their complaint for declaratory judgment presents an actual, justiciable controversy because appellee's voluntary dismissal without prejudice permits him to refile as late as the year 2016 (the time at which the statute of limitations would expire on their currently defunct contract claim). Appellants recognize that, while appellee's Scott-Pontzer claim was extinguished by Galatis, it is conceivable the law could change and permit appellee to assert his claims anew. In appellants' view, the threat of a future suit is sufficient to create an actual controversy. Appellants rely upon this court's holding in Long, supra, to support his position.
 {¶ 12} In Long, the trial court dismissed an insurance company's declaratory judgment action as moot after the injured party voluntarily dismissed the underlying tort claim against the insured. We reversed the trial court's order holding that a justiciable controversy still existed notwithstanding the lack of a pending action against the insured. To wit:
 {¶ 13} "[The injured parties] retain their right to refile their court action. Thus, a lingering threat of future litigation still exits. Because the threat of a refiling of the tort action by the [injured parties] remains, a justiciable controversy still exists as to whether Allstate had a duty to defend and indemnify [the insured] in an action brought by the [injured parties]. Id. at ¶ 21.
 {¶ 14} Appellants analogize the instant matter to Long. Appellants posit appellee has a significant amount of time before the statute of limitations runs on his cause of action. During this time, it is possibleGalatis could be overruled and his former Scott-Pontzer claim revived. In appellants' view, this "threat" of litigation suffices to create an actual controversy for the court's consideration. See Long, supra. We disagree.
 {¶ 15} Long is distinguishable from the instant case. Specifically, inLong, the injured party voluntarily dismissed various tort claims which were not abrogated by an intervening Supreme Court decision. See Reinboltv. National Fire Ins. Co., 158 Ohio App.3d 453, 460, 2004-Ohio-4845, ¶ 18. In contrast, Galatis determined that appellee's cause of action no longer existed under Ohio law; to wit, post-Galatis, a party asserting aScott-Pontzer claim had to be acting within the scope of his or her employment when the accident occurred. In the current matter, appellee admitted he was not acting within the scope of his employment when he was injured by the actions of the alleged negligent motorist. Galatis
nullified appellee's Scott-Pontzer cause of action. Thus, appellee does not have a cause of action for UIM coverage and will not have such a claim in the future.
 {¶ 16} That said, appellants' contend appellee neither concedes nor admits he is not entitled to any coverage under the automobile policies issued to Slabe. Instead, appellee qualifies his position by asserting "no claim is being presented." In appellants' view, appellee's phraseology merely demonstrates he is not currently asserting a claim; however, appellee does not admit he has no claim. While we appreciate the point, we believe, under the circumstances, appellants draw a "distinction without difference." While appellee's language implies he may assert a claim in the future, we do not see how he could do so pursuant toScott-Pontzer and Galatis. Appellee admitted he was not acting in the scope of his employment when the accident occurred. Such an admission is tantamount to conceding he has no claim under his employer's UIM policies.
 {¶ 17} Accordingly, no justiciable controversy remains regarding UIM coverage and the trial court did not abuse its discretion in dismissing appellants' complaint for declaratory judgment.[2] Appellants' sole assignment of error is overruled.
 {¶ 18} Based upon the foregoing analysis, the Lake County Court of Common Pleas is hereby affirmed.
Ford, P.J. and O'Tolle, J., concur.
[1] Appellee's motion for sanctions and costs was denied in the same judgment entry.
[2] We additionally note that the instant matter could be dismissed on res judicata grounds. That is, a defendant must assert any counterclaim he may have arising from the transaction or occurrence which is the subject matter of the complaint. Any failure to do so bars the claim by operation of the doctrine of res judicata. See Rettig Enterprises, Inc.v. Koehler (1994), 68 Ohio St.3d 274, 277. Here, appellants had an opportunity to file a counterclaim for declaratory judgment in the original action. The record before us indicates appellants failed to do so. Because the instant declaratory action is based upon the same subject matter as appellee's original action, appellants' counterclaim was compulsory pursuant to Civ.R. 13(A). As appellants failed to raise the coverage issue originally, they are precluded from asserting it in any future actions. See, e.g., L.M. Lignos Enterprises v. Beacon Ins. Co. ofAmerica (Feb. 13, 1997), 8th Dist. No. 70816, 1997 Ohio App. LEXIS 496, at 4.