DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Rudolph Zimmerman has appealed from his conviction in the Summit County Court of Common Pleas of domestic violence. This Court affirms.
 I {¶ 2} Defendant-Appellant Rudolph Zimmerman was indicted on May 3, 2005 on one count of domestic violence, in violation of R.C. 2919.25(A), a felony of the fourth degree. Appellant pled not guilty. On June 30, 2005, Appellant filed a motion to dismiss on speedy trial grounds. On July 14, 2005, the State filed a brief in opposition to Appellant's motion to dismiss. On September 1, 2005, the trial court denied Appellant's motion to dismiss. Subsequently, the trial was continued numerous times at Appellant's request. A jury trial commenced on December 27, 2005. On December 28, 2005, the jury convicted Appellant of the charge of domestic violence. On December 30, 2005, the trial court sentenced Appellant to six months incarceration.
 {¶ 3} Appellant has timely appealed asserting one assignment of error.
 II Assignment of Error
"THE APPELLANT, RUDOLPH ZIMMERMAN, WAS DENIED DUE PROCESS OF LAW WHEN THE TRIAL COURT FAILED TO GRANT HIS MOTION TO DISMISS THE CHARGES AGAINST HIM."
 {¶ 4} In his sole assignment of error, Appellant has argued that the trial court erred when it denied his motion to dismiss. Specifically, Appellant has argued that the trial court was obligated to grant his motion because he had not received his trial within 270 days as mandated by R.C. 2945.71(C)(2). We disagree.
 {¶ 5} This court reviews a trial court's decision to grant a motion to dismiss de novo. Indiana Ins. Co. v. Forsmark, 160 Ohio App.3d 277, 2005-Ohio-1635, at ¶ 9. Under the de novo standard of review, we give no deference to the trial court's legal conclusions. Id.
 {¶ 6} Appellant was arrested and subsequently indicted for the felony of domestic violence. R.C. 2945.71(C)(2) provides that any person charged with a felony must be brought to trial within 270 days of their arrest. Appellant has argued that he was arrested on June 25, 2004 and was not brought to trial until December 27, 2005, over 18 months later. According to Appellant, he was originally arrested for domestic violence in Cuyahoga Falls Municipal Case Number 04CRA-01649 and following bindover, was indicted in the Summit County Court of Common Pleas, case number CR 2004-08-2822, for the same underlying offense of domestic violence. Appellant has further argued that case number CR 2004-08-2822 was dismissed by the State and that he was re-indicted on the same underlying offense on May 3, 2005. Appellant has argued that his statutory speedy trial period had run prior even to his re-indictment.
 {¶ 7} Appellant has relied on 04CRA-01649 and CR 2004-08-2822 to establish that his speedy trial rights were violated. This Court has held that it is the responsibility of Appellant to provide a record of the facts, testimony, and evidentiary matters necessary to support the assignments of error. Diehl v. FrostTile Marble, Inc., 9th Dist. No. 22700, 2005-Ohio-6456, at ¶ 5. Because Appellant has not provided this Court with the records for 04CRA-01649 or CR 2004-08-2822, we cannot review them to determine whether his speedy trial rights were abridged.
 {¶ 8} Appellant has included the docket sheet for CR 2004-08-2822 as an attachment to his brief. However, this Court has held that "attachments to a brief that are not part of the record cannot be considered by this Court." State v. Simpson
(June 28, 2000), 9th Dist. No. 99CA007467, at *3, citing Oberlinv. Akron Gen. Medical Ctr. (Sept. 1, 1999), 9th Dist. No. 18649, at *2. A review of the record reveals that the docket sheet for CR 2004-08-2822 was not before the trial court and therefore is evidentiary material outside the scope of the direct record, and must be disregarded. State v. Caskey (Sept. 19, 2001), 9th Dist. No. 00CA0069, *2, citing App.R. 9(A). As a court of record, this Court may not consider the docket sheet for CR 2004-08-2822. See Id.
 {¶ 9} More importantly, at no time did Appellant ever provide the court below with the full record concerning CR 2004-08-2822 or 04CRA-01649. Without the full record, this Court is unable to determine whether the speedy trial period was tolled during the pendency of 04CRA-01649 or CR 2004-08-2822 by any of the means provided for in R.C. 2945.72, primarily whether there was a "period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused[.]" R.C. 2945.72(E). Simply put, without the records for these cases, this Court cannot determine whether motions were made, who made them, or how long the speedy trial statute remained tolled.
 {¶ 10} Moreover, because we are limited to the record before us, we can only review whether Appellant's speedy trial rights were violated while awaiting trial in case number CR 2005-05-1518. The record before us indicates that Appellant was indicted in CR 2005-05-1518 on May 3, 2005 and was tried on December 27, 2005, a total period of 238 days. Therefore, according to the record before us, Appellant was brought to trial within the 270 day speedy trial requirement, regardless of any potential tolling.[1]
 {¶ 11} Based on the foregoing, Appellant's sole assignment of error lacks merit.
 III {¶ 12} Appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Moore, J. Boyle, J. concur.
[1] This Court notes that during the period between his indictment and trial for CR 2005-05-1518, Appellant twice moved to continue the pretrial, filed a motion to dismiss, and moved to continue the trial three times, all which would have tolled the speedy trial period. See R.C. 2945.72(E).