MID-AMERICAN FIRE & CASUALTY COMPANY ET AL., APPELLANTS, *v.* HEASLEY, APPELLEE.

[Cite as *Mid–American Fire & Cas. Co. v. Heasley,* 113 Ohio St.3d 133, 2007-Ohio-1248.]

(Nos. 2005–2399 and 2006–0249—Submitted December 12, 2006—Decided April 4, 2007.)

☞168.

LANZINGER, J.

{¶ 1} In this case, we address two issues: (1) when an insurance company may maintain a declaratory judgment action against an insured whose claim for coverage was extinguished by *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, and (2) what the appropriate standard of review is for a trial court's dismissal of such an action.

{¶ 2} We have accepted a discretionary appeal and certification of a conflict and have consolidated them. The Eleventh District Court of Appeals certified its decision concerning the justiciability of a declaratory judgment as well as the standard of review of the trial court's dismissal as in conflict with that of the Ninth District Court of Appeals in *Indiana Ins. Co. v. Forsmark*, 160 Ohio App.3d 277, 2005-Ohio-1635, 826 N.E.2d 915. We agree that a conflict exists.

### Procedural History

{¶ 3} In July 2001, appellee, William C. Heasley Jr., was injured in an auto accident caused by an unidentified driver. He then had a personal insurance policy with $100,000 of uninsured/underinsured motorist ("UM/UIM") coverage through Grange Mutual Insurance Company. Heasley was employed by Slabe Machine Products Company. Slabe was insured under a business auto insurance policy and an umbrella insurance policy by appellants Mid–American Fire & Casualty Company and Midwestern Indemnity Company (collectively, "Mid–American"). That policy provided $500,000 in UM/UIM coverage.

{¶ 4} In July 2003, Heasley filed suit against Mid–American seeking payment of UIM benefits in reliance upon *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116. *Scott–Pontzer* had expanded an employee's recovery under the employer's insurance policy to cover accidents involving employees who were off-duty and not driving a company car. Id. at 666, 710 N.E.2d 1116. After Heasley filed suit, this court decided *Galatis*, which limited *Scott–Pontzer* and held that only those acting within their scope of employment were eligible for UM/UIM benefits under an employer's insurance policy. *Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, paragraph two of the syllabus. In March 2004, following *Galatis*, Heasley voluntarily dismissed his claim without prejudice pursuant to Civ.R. 41(A).

{¶ 5} After Heasley's dismissal, Mid–American filed an action in the Lake County Common Pleas Court, seeking a declaration that Mid–American owes Heasley no UM/UIM coverage. Heasley filed a motion to dismiss the declaratory judgment action and a motion for sanctions pursuant to Civ.R. 12(B)(6). The trial court granted Heasley's motion to dismiss, finding that no justiciable controversy existed because *Galatis* had extinguished Heasley's claims to UM/UIM payments under *Scott–Pontzer.*

{¶ 6} Mid–American appealed the trial court's dismissal of the declaratory judgment action to the Eleventh District Court of Appeals. Applying an abuse-of-discretion standard of review, the appellate court affirmed the decision of the trial court. *Mid–American Fire & Cas. Co. v. Heasley*, Lake App. No. 2004–L–115, 2005-Ohio-6072, 2005 WL 3047492, ¶ 18. The court of appeals concluded that the trial court had not erred in dismissing the declaratory judgment action for lack of a justiciable controversy. Id. at ¶ 17.

{¶ 7} The Eleventh District certified a conflict, citing *Forsmark*, 160 Ohio App.3d 277, 2005-Ohio-1635, 826 N.E.2d 915, ¶ 9, in which a trial court's dismissal of a similar declaratory judgment action was reviewed de novo. In *Forsmark*, the Ninth District concluded that the " 'lingering threat of future litigation,' " no matter how remote, was sufficient to create a justiciable question. Id. at ¶ 13, quoting *Allstate Ins. Co. v. Long*, 11th Dist. Nos. 2001–P–0038 and 2001–P–0039, 2003-Ohio-61, 2003 WL 102612, ¶ 21. We recognized a conflict regarding both the appropriate standard of review and "[w]hether an insurer may maintain a declaratory judgment action pursuant to R.C. 2721.01 et seq. to determine the rights of parties to an automobile accident under the terms and conditions of the contract for insurance even though the injured party is currently barred from seeking coverage because the authority supporting the insured party's claim for coverage was superseded by new authority." *Mid–American Fire & Cas. Co. v. Heasley*, 108 Ohio St.3d 1507, 2006-Ohio-1329, 844 N.E.2d 853.

### Presence of a Justiciable Controversy

{¶ 8} A declaratory judgment action provides a means by which parties can eliminate uncertainty regarding their legal rights and obligations. *Travelers Indemn. Co. v. Cochrane* (1951), 155 Ohio St. 305, 312, 44 O.O 302, 98 N.E.2d 840. An insurer may institute a declaratory judgment action to determine "its rights and obligations under a contract of insurance." *Preferred Risk Ins. Co. v. Gill* (1987), 30 Ohio St.3d 108, 30 OBR 424, 507 N.E.2d 1118, paragraph one of the syllabus. The declaratory judgment action may be brought even before any contract breach. R.C. 2721.04. The purpose of a declaratory judgment action is to dispose of "uncertain or disputed obligations quickly and conclusively," and to achieve that end, the declaratory judgment statutes are to be construed "liberally." *Ohio Farmers Indemn. Co. v. Chames* (1959), 170 Ohio St. 209, 213, 10 O.O.2d 164, 163 N.E.2d 367.

{¶ 9} Although broad in scope, the declaratory judgment statutes are not without limitation. Most significantly, in keeping with the long-standing tradition that a court does not render advisory opinions, they allow the filing of a declaratory judgment only to decide "an actual controversy, the resolution of which will confer certain rights or status upon the litigants." *Corron v. Corron* (1988), 40 Ohio St.3d 75, 79, 531 N.E.2d 708. Not every conceivable controversy is an actual one. As the First District aptly noted, in order for a justiciable question to exist, " '[t]he danger or dilemma of the plaintiff must be present, not contingent on the happening of hypothetical future events * * * and the threat to his position must be actual and genuine and not merely possible or remote.' " *League for Preservation of Civil Rights v. Cincinnati* (1940), 64 Ohio App. 195, 197, 17 O.O. 424, 28 N.E.2d 660, quoting Borchard, Declaratory Judgments (1934) 40.

{¶ 10} In this case, Mid–American claims that a justiciable controversy exists because Heasley dismissed his original complaint without prejudice and theoretically remains free to refile his claim any time within the statute of limitations. Arguing that a "lingering threat of future litigation still exists," Mid–American relies on *Allstate Ins. Co. v. Long*, 2003-Ohio-61, 2003 WL 102612, ¶ 21. There, the trial court had dismissed as nonjusticiable an insurance company's declaratory judgment action, characterizing it as moot because the injured parties had voluntarily dismissed their original tort claim. In reversing, the court of appeals held that "[the injured parties] retain their right to refile their court action. * * * Because the threat of a refiling of the tort action * * * remains, a justiciable controversy still exists * * *." Id.

{¶ 11} There are important points, however, that Mid–American overlooks. While Heasley remains free to refile his claim, such a claim would be frivolous. Heasley voluntarily dismissed his claim, but any rights he might have had to

UM/UIM payments as a result of *Scott–Pontzer* were extinguished by *Galatis*. The plaintiffs in *Long* also voluntarily dismissed their claim, but unlike Heasley, still had a valid cause of action that could have been filed at any time. Heasley's claim would not survive unless the rule announced in *Galatis* were overruled. Although technically possible, the likelihood is remote. Mid–American's theory, then, is nothing more than a remote possibility, and "the controversy is based upon a contingency which may never occur." *Bilyeu v. Motorists Mut. Ins. Co.* (1973), 36 Ohio St.2d 35, 37, 65 O.O.2d 179, 303 N.E.2d 871.

## Standard of Review

{¶ 12} This court has previously addressed the question of the appropriate standard of review for a declaratory judgment action. We have held that "[t]he granting or denying of declaratory relief is a matter for judicial discretion, and where a court determines that a controversy is so contingent that declaratory relief does not lie, this court will not reverse unless the lower court's determination is clearly unreasonable." *Bilyeu*, 36 Ohio St.2d 35, 65 O.O.2d 179, 303 N.E.2d 871, syllabus. Relying on our decision in that case, courts throughout Ohio have adopted an abuse-of-discretion standard for reviewing declaratory judgment actions.

{¶ 13} In arguing for a de novo standard of review, Mid–American cites some cases that were decided before, or have failed to apply, *Bilyeu*. Other cases that Mid–American cites are similarly unpersuasive, for none of them expressly adopt a de novo standard of review. For example, in one case relied upon by Mid–American, *Commercial Union Ins. Co. v. Wheeling Pittsburgh Corp.* (1995), 106 Ohio App.3d 477, 666 N.E.2d 571, the court acknowledged that the question of whether to entertain a declaratory judgment action is committed to the trial court's discretion. Id. at 481, 666 N.E.2d 571.

{¶ 14} We will overrule a past decision only if "(1) the decision was wrongly decided at that time, or changes in circumstances no longer justify continued adherence to the decision, (2) the decision defies practical workability, and (3) abandoning the precedent would not create an undue hardship for those who have relied upon it." *Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, paragraph one of the syllabus. None of these considerations favor reconsideration of our decision in *Bilyeu*. We therefore reaffirm that declaratory judgment actions are to be reviewed under an abuse-of-discretion standard.

## Conclusion

{¶ 15} An automobile-liability insurer cannot maintain a declaratory judgment action to determine the rights of a party under its insurance contract if that party is barred from seeking insurance coverage by controlling legal authority. Such

an action is inappropriate because it would not decide an actual controversy, and the circumstances allowing for refiling of the claim for coverage are too remote.

{¶ 16} Dismissal of a declaratory judgment action is reviewed under an abuse-of-discretion standard. *Bilyeu*, 36 Ohio St.2d at 37, 65 O.O.2d 179, 303 N.E.2d 871.

{¶ 17} We therefore affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., WALSH, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

PFEIFER, J., concurs in judgment only.

O'DONNELL, J., dissents and would dismiss the cause as having been improvidently accepted.

JAMES E. WALSH, J., of the Twelfth Appellate District, was assigned to sit for RESNICK, J., whose term ended on January 1, 2007.

CUPP, J., whose term began on January 2, 2007, did not participate in the consideration or decision of this case.

———————

Weston Hurd, L.L.P., and Shawn W. Maestle, for appellants.

Klein & Carney Co., L.P.A., Larry S. Klein, and Christopher J. Carney, for appellee.