DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas that granted appellee's motion for declaratory judgment and equitable relief. For the reasons that follow, the judgment of the trial court is affirmed.
 {¶ 2} Appellants Huron Township Board of Trustees and the Huron Township Zoning Commission set forth the following three assignments of error: *Page 2 
 {¶ 3} "Assignment of Error 1
 {¶ 4} "The trial court erred to the prejudice of Appellant-Defendant in awarding declaratory judgment to the Appellee-Plaintiff
 {¶ 5} "Assignment of Error 2
 {¶ 6} "The trial court erred to the prejudice of the Appellant-Defendants in treating Appellee-Plaintiffs pleading as a motion for summary judgment.
 {¶ 7} "Assignment of Error 3
 {¶ 8} "The trial court erred to the prejudice of Appellant-Defendants in ignoring its own scheduling order."
 {¶ 9} The undisputed facts relevant to the issues raised on appeal are as follows. Appellee, Karelly Properties, Inc., owns two adjacent parcels of land in Huron Township. One parcel is 35 acres in size and the other is 2.37 acres. Part of the land is used as a cemetery and mausoleum; funeral services currently are held at a chapel in the mausoleum. An office building and adjacent parking lot sit on the smaller parcel. In 2005, appellee decided to build a 15-foot addition to the side of the existing office facility so that funeral services could be held there rather than at the mausoleum. The addition would require rezoning from Rural Residential ("R-1") to Commercial Planned Unit Development ("C1-PUD").
 {¶ 10} On May 20, 2005, appellee applied for the zoning change. On May 23, 2005, appellee filed the necessary appeal with the Huron Township Board of Zoning Appeals for a variance from the township's ten-acre minimum for a PUD. The variance was granted. The application for the zoning change was referred to the Erie County *Page 3 
Regional Planning Commission, which recommended in favor of the requested change. Thereafter, the Huron Township Zoning Commission held a public hearing; a motion to recommend approval of the application resulted in a two-two vote, due to one of the members having to abstain. The Huron Township Board of Trustees then held a public hearing on appellee's application for the PUD. On September 19, 2005, the trustees denied the application.
 {¶ 11} On October 17, 2005, appellee filed a complaint for declaratory judgment against the Huron Township Board of Trustees ("trustees") and the Huron Township Zoning Commission ("commission"). Appellee asserted that the actions of the commission and the trustees were arbitrary and capricious and served no purpose related to the public health, safety and general welfare. Appellee demanded an order declaring the provisions of the Huron Township zoning laws unconstitutional to the extent they deny it the reasonable use of its property as applied for in its application, and an order requiring the trustees to grant its request for the reclassification of its 2.37-acre parcel.
 {¶ 12} In June 2006, the trial court ordered the parties to submit to mediation. Three months later, however, the court-appointed mediator reported that the parties had reached an impasse with no issues settled. The trial court then ordered the matter submitted for decision upon the record and the parties' briefs. By judgment entry filed December 19, 2006, the trial court found appellee's application well-taken and ordered the Huron Township Board of Trustees to grant appellee's request for the reclassification of its 2.37-acre parcel of land to a PUD as set forth in appellee's May 2005 application. Appellants appeal from that judgment. *Page 4 
 {¶ 13} In their first assignment of error, appellants essentially assert that there was a complete absence of foundation for the trial court's decision. Ohio courts have adopted an abuse of discretion standard for reviewing declaratory judgment actions. This standard was affirmed recently by the Supreme Court of Ohio in Mid-American Fire Cas. Co., et al. v. Heasley, 113 Ohio St.3d 133, 2007-Ohio-1248,¶ 14. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 14} We first note that part of appellants' argument is based on the incorrect characterization of this case as one involving a taking by the government, which would require a showing that the challenged regulation deprived appellee of all economically viable uses of its land. Appellee has not alleged that the application of the ordinance would prevent all economically viable uses of its property.
 {¶ 15} With respect to challenges to the constitutionality of zoning regulations, the Supreme Court of Ohio has established two "unassailable propositions": first, that zoning ordinances are presumed constitutional and, second, that the party challenging the constitutionality of a zoning ordinance bears the burden of proof and must prove unconstitutionality beyond fair debate. Goldberg Cos., Inc. v. RichmondHts. City Council, 81 Ohio St.3d 207, 1998-Ohio-207, 209 [citations omitted]. The Supreme Court of Ohio in Goldberg held that a zoning regulation is presumed constitutional unless determined by a court to be clearly arbitrary and unreasonable and without substantial relation to the public health, safety, morals, or general welfare of the community. Id. at *Page 5 
214. Upon review of the record in this case, we find that appellee met its burden of showing "beyond fair debate" that the regulation at issue herein, as applied to appellee's property, is unreasonable and without substantial relation to the public health, safety, morals, or general welfare of the community of Huron Township.
 {¶ 16} The trial court had before it the testimony of appellee's attorney at two public hearings — one before the Huron Township Zoning Commission on August 3, 2005, and one before the Huron Township Board of Trustees on September 1, 2005. At the first public hearing, counsel acknowledged concerns that had been expressed by individuals who opposed the zoning change. Those concerns involved an increase in traffic, decreased property values and sanitation issues that would arise if embalming was performed on the property. Counsel then clearly explained his client's request and the reasons for it. Counsel stated that appellee had no plans to perform embalming on the premises. He further explained his view that there would be no increase in traffic volume because funeral services held at the site would simply be moved from the mausoleum to the building that was currently being used for offices. In order to accommodate the funeral services, appellee wished to build a 15 x 30-foot addition to the office. Counsel stated that appellee would continue to hold its larger funeral services at the funeral home it owned in town. He added that traffic flow would not change because the location of the entrances to the property and the amount of available parking would remain the same. Counsel also stressed that appellee was not asking for a general zoning change which would open the door for the land to be put to other uses in the future. *Page 6 
 {¶ 17} At the board of trustees hearing held one month later, counsel for appellee again outlined the plan and addressed questions raised by several local residents. He explained that appellee's plan was to move services and visitations from the mausoleum to the existing office building, with a small addition that would require moving one wall out 12 to 15 feet. Counsel clarified that appellee did not anticipate increasing the number or size of services held on the property. Essentially, the same questions were raised at this hearing as were raised at the August hearing and the responses of counsel for appellee remained the same.
 {¶ 18} Upon consideration of the foregoing, we find appellee has shown that the application of the zoning laws of Huron Township, as applied to its property, would be unreasonable and without substantial relation to the public health, safety, morals, or general welfare of the community. Accordingly, the trial court did not abuse its discretion and appellants' first assignment of error is not well-taken.
 {¶ 19} In their second assignment of error, appellants assert that the trial court erred by treating appellee's pleading as a motion for summary judgment. There is no indication, however, that the trial court did so. This argument is without merit and appellants' second assignment of error is not well-taken.
 {¶ 20} In its third assignment of error, appellants assert that the trial court ignored its own scheduling order regarding pretrial motions. Appellants acknowledge that their brief in opposition to appellee's motion for declaratory judgment was to be filed by December 11, 2006, which was ten days after appellee's brief was filed. However, appellants did not file their brief until December 18, 2006. The record does not reflect *Page 7 
that the trial court ignored its scheduling order. Accordingly, appellants' third assignment of error is not well-taken.
 {¶ 21} On consideration whereof, this court finds that substantial justice was done the parties complaining and the judgment of the Erie County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1