OPINION
{¶ 1} Plaintiff-appellant, State of Ohio/City of Bexley, appeals from a judgment of the Franklin County Municipal Court dismissing the indictment against defendant-appellee, Joseph Conte. For the following reasons, we reverse.
 {¶ 2} On August 10, 2006, the Bexley Animal Control Officer ("ACO") received a report that an unleashed German shepherd had attacked a dog that was being walked on leash in the 2500 block of Byrden Road, Bexley, Ohio. As a result of the attack, the other dog required eight stitches for several bite wounds. The ACO learned that appellee *Page 2 
owned the German shepherd. Following an investigation, appellant cited appellee for violating Bexley City Code 618.16(e), entitled "Dangerous and Vicious Animal."
 {¶ 3} Appellee's case was tried in the Bexley Mayor's Court on September 1, 2006. The Bexley Mayor's Court found appellee guilty of the charge and imposed a fine, restitution in the amount of the veterinary bill, and a suspended jail sentence.
 {¶ 4} Two days later, appellee's dog allegedly was running loose and, while growling and barking, jumped up on a young child who was riding a bicycle. As a result, the child fell off the bicycle and suffered minor injuries. After receiving a report of the incident and conducting an investigation, the ACO issued another citation against appellee for allowing his dog to run free without restraint in violation of Bexley City Code Section 618.16(e).
 {¶ 5} Thereafter, appellee appealed his conviction resulting from the attack on the other dog to the Franklin County Municipal Court (case No. 2006ERB07-4650). Appellee also demanded a jury trial on the charge filed in connection with the incident involving the child. His jury demand resulted in the transfer of the case from the Bexley Mayor's Court to the Franklin County Municipal Court (case No. 2006ERB07-4651).
 {¶ 6} Arguing that Bexley City Code 618.16(e) was unconstitutional, appellee filed a motion to dismiss the indictment in case No. 2006ERB07-4651. In an entry and decision filed on December 14, 2006, the trial court agreed with appellee's argument. However, the trial court gave appellant the opportunity to amend the indictment to charge appellee under a different code section. Appellant declined to amend the indictment. *Page 3 
Therefore, the trial court dismissed case No. 2006ERB07-4651 pursuant to an entry dated January 5, 2007.[1]
 {¶ 7} Appellant now appeals, assigning the following errors:
 1. The Franklin County Municipal Court erred when it granted Appellee's Motion to Dismiss which alleged that Bexley City Code Section 618.16(e) violated Appellee's due process rights.
 2. The Franklin County Municipal Court erred when it dismissed the Complaints against Appellee, which asserted violations of Bexley City Code Section 618.16(e), based on the determination that Section 618.16(e) was "virtually identical" to the statute found to be unconstitutional and violative of due process by the Ohio Supreme Court in State v. Cowan (2004), 103 Ohio St.3d 144.
 3. The Franklin County Municipal Court erred when, in dismissing the charges against Appellee, it failed to apply all presumptions in support of upholding Bexley City Code Section 618.16(e).
 {¶ 8} Because appellant's three assignments of error are interrelated and involve the same constitutional issue, we will address them together.
 {¶ 9} A trial court's decision to grant a motion to dismiss is reviewed de novo on appeal. Indiana Ins. Co. v. Forsmark,160 Ohio App.3d 277, 2005-Ohio-1635, at ¶ 9. Therefore, this court "must independently determine, as a matter of law, whether the trial court erred in applying the substantive law to the facts of the case."State v. Musick (1997), 119 Ohio App.3d 361, 367.
 {¶ 10} We begin our analysis by recognizing that all legislative enactments enjoy a strong presumption of constitutionality. Columbus v.Kim, Franklin App. No. 05AP-1334, *Page 4 2006-Ohio-6985, at ¶ 10. Therefore, challenged legislation will not be invalidated unless the challenger establishes the unconstitutional nature of the statute beyond a reasonable doubt. Id.; State v.Anderson (1991), 57 Ohio St.3d 168, 171.
 {¶ 11} In granting appellee's motion to dismiss, the trial court struck down a portion of Bexley City Code 618.16(e) as unconstitutional. That section provides:
 No owner of a vicious or dangerous animal shall permit such animal to run at large as prohibited by Section 618.01.
The violation of Bexley City Code 618.16(e) is a misdemeanor of the first degree. Bexley City Code 618.16(j).
 {¶ 12} Relying principally upon State v. Cowan, 103 Ohio St.3d 144,2004-Ohio-4777, the trial court held that to the extent Bexley City Code 618.16(e) "authorizes the authorities to deem a dog `dangerous and vicious,' it is constitutionally offensive." Therefore, the trial court severed the words "dangerous and vicious" from Bexley City Code, and dismissed the indictment.
 {¶ 13} In Cowan, the Supreme Court of Ohio held that R.C. 955.22
violated a dog owner's constitutional right to due process. The court noted that R.C. 955.22 required owners of a dangerous or vicious dog to confine the dog in a certain manner and to obtain a certain amount of liability insurance. Id. at ¶ 10. Therefore, a determination that a dog was "dangerous or vicious" resulted in the imposition of additional legal duties and restrictions on the dog owner. Significantly, the court in Cowan also found that the dog warden, prior to citing the defendant for violating the vicious dog law, made a unilateral, unreviewable determination that the defendant's dogs were vicious. Id. at ¶ 13.
 {¶ 14} Appellant contends that the trial court erred when it found Bexley City Code 618.16(e) unconstitutuional based upon Cowan. Appellant argues that Bexley City Code *Page 5 
618.16(e) is distinguishable from the statute at issue in Cowan and does not violate due process. We agree.
 {¶ 15} First, unlike the statute at issue in Cowan, Bexley City Code 618.16(e) does not involve an unreviewable, unilateral determination that the animal is "vicious or dangerous." Rather, appellant must prove at trial that appellee's dog is vicious or dangerous as an element of the offense. Appellee has the opportunity to contest that allegation. InCowan, that determination was removed from the jury's consideration.
 Thus, although the jury was given the definition of a "vicious" or "dangerous" dog, this element of the crime was removed from their consideration.
Id. at ¶ 14. This point was particularly significant in theCowan court's due process analysis because under the state statute, a dog owner had no opportunity to contest the dog warden's unilateral determination that the dog was vicious or dangerous.
 {¶ 16} Second, as previously noted, the statute at issue inCowan required a dog owner to confine the dog in a certain manner and to obtain a certain amount of liability insurance if the dog was dangerous or vicious. These obligations did not exist if the dog was not dangerous or vicious. Implicit in the court's due process analysis was the concern that dog owners could not contest the imposition of these additional obligations until they had already violated the law.
 Once the dog warden made the unilateral decision to classify appellee's dogs as vicious, R.C. 955.22 was put into effect and restrictions were placed upon appellee and her dogs. No safeguards, such as a right to appeal or an administrative hearing, were triggered by this determination to challenge the viciousness label or its ramifications. In fact, it was not until appellee was formerly charged as a criminal defendant that she could conceivably challenge the viciousness designation under R.C. 955.22. We find it inherently unfair that a dog owner must defy the statutory regulations and become a *Page 6 
criminal defendant, thereby risking going to jail and losing her property, in order to challenge a dog warden's unilateral decision to classify her property. The statute does not provide appellee a right to be heard in a meaningful time and in a meaningful manner on the issue of whether her dogs were vicious or dangerous. Accordingly, we find that R.C. 955.22 violates procedural due process and insofar as it fails to provide dog owners a meaningful opportunity to be heard on the issue of whether a dog is "vicious" or "dangerous" as defined in R.C. 955.11(A)(1)(a) and (A)(4)(a).
Cowan, at ¶ 13.
 {¶ 17} In contrast to the statute at issue in Cowan, Bexley City Code 618.16(e) does not impose any additional obligations on a dog owner. Allowing a dog to run at large is prohibited by Bexley City Code 618.01. Violation of that section is a fourth degree misdemeanor. Bexley City Code 618.01(e). Bexley City Code 618.16(e) prohibits the same conduct but, increases the offense to a first degree misdemeanor if the state proves at trial that the dog is vicious or dangerous. Therefore, because Bexley City Code 618.16(e) does not create additional obligations on a dog owner based upon a unilateral and unreviewable finding of viciousness or dangerousness, the section is distinguishable from the statute at issue in Cowan. See, also, Toledo v. Tellings,114 Ohio St.3d 278, 2007-Ohio-3724, at ¶ 32 (because General Assembly classified pit bulls generally as vicious, there is no concern about unilateral administrative decision-making).
 {¶ 18} We also find that Bexley City Code 618.16(e) does not violate due process. Defendant dog owners are afforded notice and an opportunity to be heard. Defendants can contest the allegation that their dog is vicious or dangerous. A dog owner can be found guilty of violating Bexley City Code 618.16(e) only if the state proves all of the elements of the offense, including the dangerousness or viciousness element, beyond a reasonable doubt. All the due process protections normally associated with a criminal *Page 7 
trial are available to a defendant dog owner. Therefore, we sustain appellant's three assignments of error.
 {¶ 19} In conclusion, we find that the trial court erred when it struck down portions of Bexley City Code 618.16(e) as violative of due process and severed those portions from the code. Therefore, we reverse the trial court's judgment and remand this case for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
SADLER, P.J., and BRYANT, J., concur.
[1] Pursuant to the January 5, 2007 entry, the trial court also dismissed case No. 2006ERB07-4650. However, appellant's notice of appeal references only case No. 2006ERB07-4651. Therefore, case No. 2006ERB07-4650 is not properly before us. *Page 1